THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:14-cr-00026-MR-DLH-2

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>)<br>TABATHA DIANNE BLACK,  )<br>)<br>Defendant.  )<br>_____  ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to reduce or modify the Defendant's sentence. [Doc. 76].

The Defendant seeks a modification or reduction of her sentence based upon her efforts at rehabilitation while incarcerated. [Doc. 76].

The Court may reduce or modify a sentence based only on the limited grounds listed in 18 U.S.C. § 3582(c). Post-sentencing rehabilitation is not among the enumerated grounds for relief, and none of the grounds identified in § 3582 are present here. See 18 U.S.C. § 3582(c). While rehabilitation may be considered when a defendant is being sentenced or resentenced, see Pepper v. United States, 562 U.S. 476, 490 (2011), it cannot serve as

an independent basis for a defendant to obtain a resentencing. See United States v. Morris, No. 7:02-cr-00128-GRA-1, 2013 WL 1303124, at *1 (D.S.C. Mar. 28, 2013). Thus, while the Court commends the Defendant's rehabilitative efforts, her request for a reduction or modification of her sentence based on her post-sentencing rehabilitation must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 76], which the Court construes as a motion to modify the Defendant's sentence, is **DENIED.**

**IT IS SO ORDERED.**

Signed: December 19, 2016

Martin Reidinger
United States District Judge