# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00165-MR
# [CRIMINAL CASE NO. 1:14-cr-00026-MR-DLH-2]

| | |
|---|---|
| TABATHA DIANNE BLACK, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

**I.    BACKGROUND**

On September 25, 2018, following the Court's initial screening of the petition, the Court entered an Order pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), giving Petitioner twenty days in which to explain to the Court why Petitioner's ineffective assistance of counsel claim should not be dismissed as untimely.  Petitioner has not responded to the Court's Order, and the deadline has passed.

## II. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner pled guilty on May 21, 2014, to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). [Criminal Case No. 1:14-cr-26-MR-DLH-2, Doc. 56: Judgment]. On February 12, 2015, this Court

sentenced Petitioner to 210 months' imprisonment. Judgment was entered on February 19, 2015, and Petitioner did not appeal. [Id.]. Petitioner's conviction, therefore, became final fourteen days later for purposes of Section 2255(f) when the time for filing a notice of appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, the conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A). Petitioner placed her § 2255 motion to vacate in the prison system for filing on May 30, 2018, and it was stamp-filed in this Court on June 11, 2018. Petitioner brings two claims in her motion to vacate: (1) a claim pursuant to the Supreme Court case of Sessions v. Dimaya, 138 S. Ct. 1204 (2018), issued on April 17, 2018; and (2) an ineffective assistance of counsel claim.

First, as to Petitioner's ineffective assistance of counsel claim, this claim is time-barred, and Petitioner has not responded to this Court's prior Braxton order allowing Petitioner to address the timeliness issue.[1]

Next, although Petitioner's Dimaya claim was filed within one year of the Supreme Court's decision in that case, Dimaya simply does not apply to Petitioner. Here, Petitioner was convicted of sexual exploitation of a minor,

---

[1] In Section 18 of the petition regarding timeliness, Petitioner states only that her petition is timely based on "new Supreme Court case law as of April 17, 2018." [Doc. 1 at 10]. Thus, Petitioner has addressed timeliness only as to her Dimaya claim.

3

in violation of 18 U.S.C. § 2251(a). In Dimaya, an immigration judge had determined that the defendant was a deportable alien under the Immigration and Nationality Act, 8 U.S.C. § 1227, as he had been previously convicted of two aggravated felonies which satisfied the definition of a crime of violence under 18 U.S.C. § 16(b). On appeal, the Ninth Circuit held that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague, and the Supreme Court affirmed. The Dimaya holding simply has no application to convictions under § 2251(a), nor was Petitioner's sentence enhanced pursuant to language found to be unconstitutionally vague in Dimaya. Thus, this claim is without merit and is therefore dismissed.

## III. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition as untimely as to Petitioner's ineffective assistance of counsel claim and as lacking merit as to Petitioner's Dimaya claim.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner

4

has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 9, 2018

Martin Reidinger
United States District Judge