# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:14-cr-00026-MR-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>TABATHA DIANNE BLACK, )<br> )<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Hardship Credit for Hard Time Served" [Doc. 88].

By the present motion, the Defendant requests that the Court give her two days of sentencing credit for every day served due to the extended period of time that she has been on "lock-down status" at FCI Aliceville. [Doc. 88].

The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted

can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address her request for sentencing credit to the Bureau of Prisons. Once her BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of her confinement.

**IT IS, THEREFORE, ORDERED** that t the Defendant's "Motion for Hardship Credit for Hard Time Served" [Doc. 88] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: April 19, 2021

Martin Reidinger
Chief United States District Judge